IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WINKY CHIN,                                    3:15-CV-00570-BR

      Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

      Defendant.


MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

      Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-37-5

        Attorneys for Defendant

**BROWN, Judge.**

        Plaintiff Winky Chin seeks judicial review of a final
decision of the Commissioner of the Social Security
Administration (SSA) in which she denied Plaintiff's application
for Disability Insurance Benefits (DIB) under Title II of the
Social Security Act.  This Court has jurisdiction to review the
Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **REVERSES** the decision
of the Commissioner and **REMANDS** this matter pursuant to sentence
four of 42 U.S.C. § 405(g) for further administrative proceedings
consistent with this Opinion and Order.


                **ADMINISTRATIVE HISTORY**

        Plaintiff filed an application for DIB on June 30, 2011,
alleging a disability onset date of August 31, 2002.  Tr. 138.[1]
The application was accepted for a closed period of disability

_____

        [1] Citations to the official transcript of record filed by
the Commissioner on August 27, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

from April 1, 2009, through March 31, 2011, initially and on reconsideration.  Tr. 90, 65.  Plaintiff requested an administrative hearing to appeal his onset date.  An Administrative Law Judge (ALJ) held a hearing on October 2, 2013. Tr. 30-49.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on October 17, 2013, in which he found Plaintiff was not disabled at all before his September 30, 2011, date last insured and, therefore, was not and is not entitled to benefits.  Tr. 16-25.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on February 4, 2015, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

<u>**BACKGROUND**</u>

Plaintiff was born November 9, 1974, and was 38 years old at the time of the hearing.  Tr. 138.  Plaintiff has a Master's Degree in Divinity.  Tr. 34.  Plaintiff has past relevant work experience as a web developer and a help-desk support person. Tr. 24.

Plaintiff alleges disability during the relevant period due to "post surgical neuralgia/diff neuralgia/cluster headaches,"

low thyroid, insomnia, and depression.  Tr. 164.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I. **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

5 - OPINION AND ORDER

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R.

§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity from his August 31, 2002, alleged onset date through his September 30, 2011, date last insured. Tr. 18.

At Step Two the ALJ found before Plaintiff's date last insured Plaintiff had the severe impairments of chronic pain and cluster headaches.  Tr. 18.  The ALJ, however, found before Plaintiff's date last insured Plaintiff's impairment of depression was nonsevere.  Tr. 19.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1, before his September 30, 2011, date last insured and Plaintiff had the RFC to perform the full range of sedentary work through his date last insured.  Tr. 20.

At Step Four the ALJ found Plaintiff was capable of performing his past relevant work as a web developer and help-desk support employee before his date last insured.  Tr. 24. Accordingly, the ALJ found Plaintiff was not disabled before his September 30, 2011, date last insured.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly

partially rejected Plaintiff's testimony; (2) improperly gave

only some weight to the opinions of Scott Prichard, M.D., and

Sharon Eder, M.D., reviewing physicians; and (3) improperly gave

little weight to the opinion of Benjamin Erickson, M.D., treating

physician.

## I.   The ALJ provided clear and convincing reasons for partially rejecting Plaintiff's testimony.

Plaintiff alleges the ALJ erred by failing to provide clear

and convincing reasons for partially rejecting Plaintiff's

testimony.

In *Cotton v. Bowen* the Ninth Circuit established two

requirements for a claimant to present credible symptom

testimony:  The claimant must produce objective medical evidence

of an impairment or impairments, and he must show the impairment

or combination of impairments could reasonably be expected to

produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th

Cir. 1986).  The claimant, however, need not produce objective

medical evidence of the actual symptoms or their severity.

*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not

any affirmative evidence of malingering, the ALJ can reject the

claimant's pain testimony only if he provides clear and

convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)).  General assertions that the claimant's testimony is

9 - OPINION AND ORDER

not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified he began to have "trouble walking decent distances" beginning August 31, 2002. Tr. 36. Plaintiff testified he is disabled by "high levels of constant [testicular] pain." Tr. 38. Plaintiff stated he had "maybe an hour's worth of time [in a typical day] where I feel like I can interact with people on a kind of reasonable basis." Tr. 38. Plaintiff noted he sleeps 12 hours per day, and the "other 11 remaining hours a day I mostly need to be lying down and resting. Maybe I can do some light reading." Tr. 38. Plaintiff testified "it hurts to stand, it hurts more to walk, it hurts even more to climb stairs or to run or any sort of activity like that." Tr. 38. "Even just sitting for more than a couple [of] hours causes an increase in pain." Tr. 39. Plaintiff testified he can sit for "maybe two hours" before his pain becomes unmanageable. Tr. 45. Plaintiff also noted his "mental clarity is pretty low" due to his pain medications. Tr. 39. Plaintiff noted he has had a number of surgeries. He received some relief from his ilioinguinal pain after his latest surgery, but the majority of his pain is coming from the genitalfemoral nerve, which surgery did not address. Tr. 41. Plaintiff testified he has used a wheelchair since 2008 whenever he leaves the house, and he uses a

10 - OPINION AND ORDER

cane when he is at home.  Tr. 42-43.  Plaintiff noted he received
his graduate degree in 2006, and he continued to do some web-
design work from home until some time in 2010, at which point he
felt he "lacked the ability to concentrate and to focus on work."
Tr. 44-45.  Plaintiff testified he also suffers from cluster
headaches "[t]ypically once a day" that last "from eight to 14
hours."  Tr. 46.  Plaintiff noted the intensity of his headaches
has decreased "considerably" with medication, but "they're not
gone by any means."  Tr. 46.

The ALJ found Plaintiff's "medically determinable
impairments could reasonably he expected to cause the alleged
symptoms," but Plaintiff's "statements concerning the intensity,
persistence and limiting effects of these symptoms are not
entirely credible" as to the relevant period.  Tr. 21.

The ALJ found Plaintiff's activities of daily living before
his September 30, 2011, date last insured indicate Plaintiff has
fewer limitations than alleged.  Specifically, Plaintiff attended
school and obtained his Master's Degree in 2006; he worked from
home as a part-time web designer until 2010; he took a cruise
with his wife in 2008; and he also indicated in his July 2011
Adult Function Report that he cooks for his children (five and
eight years old), drives them to and from school, cares for them
while his wife is at work, washes dishes, and helps with dinner
preparation.  Tr. 195-98.  Plaintiff noted in his Adult Function

11 - OPINION AND ORDER

report that he is able to pay bills, plays board games about once per week, reads occasionally, spends time on computer social networks daily, spends time with other parents while their children play, goes to church, attends a weekly game night, and attends his children's school events and activities.  Tr. 195-98. In addition, the record reflects in June 2008 Plaintiff reported his headache pain was at level one on a one-to-ten scale and he was feeling only pressure.  Tr. 281.  In January 2009 Plaintiff reported the medications he had been taking had "cut down on the severity of his headaches," and he seldom used Imitrex because "his headaches are rarely that severe and it is . . . quite expensive."  Tr. 303.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible as to the limiting effects of his impairments during the relevant period.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**II.  Physicians' Opinions.**

Plaintiff contends the ALJ erred when he gave only "some weight" to the opinions of Drs. Eder, Pritchard, and Erickson.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific,

legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

### A.   Drs. Eder and Pritchard.

Plaintiff alleges the ALJ erred when he gave only "some weight" to the opinions of reviewing physicians Eder and Pritchard.  On February 2012 Dr. Pritchard indicated Plaintiff

was not capable of even sedentary work and, therefore, was
disabled from April 1, 2009, through March 31, 2011.  Tr. 60.
Dr. Eder issued a similar opinion in August 2012.  Tr. 74.  From
April 2011 through Plaintiff's September 30, 2011, date last
insured Drs. Pritchard and Eder indicated Plaintiff was capable
of sedentary work.  The ALJ gave the opinions of Drs. Pritchard
and Eder only "some weight" and found Plaintiff could perform "a
full range of sedentary work from the [August 31, 2002] alleged
onset date through the date last insured."  Tr. 23.  The ALJ
relied generally on "the medical evidence and [Plaintiff's]
activities" without specificity.  The ALJ noted there was
"minimal" evidence of Plaintiff's disabling symptoms until 2007,
but, as noted, Drs. Pritchard and Eder found Plaintiff to be
disabled only after April 1, 2009.  The ALJ also pointed out the
opinion of Vladimir Fiks, M.D., in which Dr. Fiks reported
Plaintiff's inguinal pain had "substantially improved" in
September 2011, and Plaintiff was "no longer bothered by it."
Tr. 369.  As noted, however, Drs. Pritchard and Eder found
Plaintiff was no longer disabled after March 31, 2011, and,
therefore, Dr. Fiks's September 2011 report does not actually
contradict the opinions of Drs. Pritchard and Eder.

        The ALJ also noted Linda Okereke, M.D., advised
Plaintiff in November 2009 to reduce his use of a wheelchair to
prevent deconditioning.  Tr. 321.  Dr. Okereke, however, also

14 - OPINION AND ORDER

noted Plaintiff's left groin pain "seems to really be affecting his mobility."  Tr. 321.

The ALJ noted treating physician James Bertola, M.D., reported Plaintiff was able to walk and to transfer from sitting to standing comfortably.  Tr. 334.  Dr. Bertola, however, also noted Plaintiff's pain was "quite debilitating."  Tr. 334. Dr. Bertola assessed Plaintiff with "neuralgia after the trauma of multiple inguinal surgeries" and noted Plaintiff "had several good questions regarding his condition and his treatment options."  Tr. 335.

On this record the Court concludes the ALJ erred when he gave only some weight to the February 2012 and August 2012 opinions of Drs. Pritchard and Eder, particularly as to Plaintiff's disability from April 1, 2009, through March 31, 2011, because the ALJ failed to provide legally sufficient reasons supported by substantial evidence in the record for doing so.

**B.    Dr. Erickson**

On October 1, 2013, Plaintiff's treating physician submitted a letter in which he had been treating Plaintiff since October 2012.  Dr. Erickson noted Plaintiff had side-effects from medication of fatigue and sleep disturbance, used a walker or wheelchair, and had difficulty doing "light activity."  Tr. 464. Dr. Erickson opined it would be "very difficult" for Plaintiff

15 – OPINION AND ORDER

"to work in any substantial capacity in his current state, which
has not improved significantly in the past several years."
Tr. 464.   The ALJ gave Dr. Erickson's opinion "little weight"
because he did not begin treating Plaintiff until one year after
Plaintiff's September 30, 2011, date last insured and he did not
offer his opinion until two years after Plaintiff's date last
insured.   In *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999),
the Ninth Circuit held "the fact that [at treating physician] did
not examine [the plaintiff] until . . . more than a year after
the expiration of her insured status" supported the ALJ's
rejection of the treating physician's opinion.

On this record the Court concludes the ALJ did not err
when he gave "little weight" to the October 2013 opinion of Dr.
Erickson because the ALJ failed to provide legally sufficient
reasons supported by substantial evidence in the record for doing
so.

## C.    The error in giving only some weight to the opinions of Drs. Pritchard Eder and is not harmless.

The Court finds the ALJ's error in giving only some
weight to the opinions of Drs. Pritchard Eder is not harmless
even though Plaintiff received benefits for the period of
April 1, 2009, through March 31, 2011, because Plaintiff's date
last insured could be later than September 30, 2011, if the eight
quarters of Plaintiff's closed period of disability were
considered in the calculation of his date last insured as

16 – OPINION AND ORDER

required by 20 C.F.R. § 404.130(b),(f).  This is particularly
relevant because the ALJ also gave little weight to the October
2013 opinion of Dr. Erickson because Dr. Erickson began treating
Plaintiff in October 2012, which is one year after Plaintiff's
September 30, 2011, date last insured.  If Plaintiff's date last
insured is properly calculated as after September 30, 2011,
Dr. Erickson's opinion likely should be considered.


## **REMAND**

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172,
1179 (9th Cir. 2000).  When "the record has been fully developed
and further administrative proceedings would serve no useful
purpose, the district court should remand for an immediate award
of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.
2004).

The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully

17 - OPINION AND ORDER

developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted, the Court has concluded the ALJ erred when he gave only "some weight" to the opinions of Drs. Eder and Pritchard, particularly with respect to their opinion that Plaintiff was disabled from April 1, 2009, through March 31, 2011. Crediting as true the opinions of Drs. Eder and Pritchard may result in the recalculation of Plaintiff's date last insured and, in turn, to a requirement that the ALJ consider the October 2013 opinion of Dr. Erickson. The Court, therefore, concludes this matter must be remanded.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order

18 - OPINION AND ORDER

specifically to allow the ALJ to develop the record to determine the effect of crediting as true the opinions of Drs. Eder and Pritchard on Plaintiff's date last insured and on consideration of the October 2013 opinion of Dr. Erickson.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 5th day of April, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge